HAWKINS, Administrator, *v.* CATHERINE HAYS.—CATHERINE HAYS *v.*   15  615|
HAWKINS et al. ·                                                 106  689

*The degree of violence and threats requisite, under Article 1845 of the Civil Code, to invalidate a contract, is the same in regard to contracts between husband and wife, as in regard to contracts generally.*

APPEAL from the District Court of the Parish of East Feliciana, *Ratliff*, J. *Hardesty & Kernan*, for plaintiff and appellant. *Fuqua & Kilbourne*, for defendant.

BUCHANAN, J.  The first of these suits is instituted upon two notes and an account.

The second is an injunction against an order of seizure and sale issued upon one of the notes (which was secured by special mortgage by authentic act) embraced in the first suit.

Both suits were tried by juries, who found a verdict, in the first, in favor of the plaintiff for a portion of the largest of the two notes sued upon, and for the whole of the smaller note and of the account; and, in the second suit, in favor of the plaintiff in injunction.

From the judgments rendered in conformity to these verdicts, the administrator of *Mills* has appealed; and the two suits have been consolidated in this court.

The only question of law for our decision is presented by a bill of exceptions to a charge of the Judge to the jury, " that the violence and threats referred to in Article 1845 of the Civil Code, should be construed as applicable to parties, other than husband and wife; that, as regards the husband and wife, whether separate in property or not, it is sufficient, to invalidate a contract or mortgage made or signed by the wife, that it was so made or signed because the husband desired it should be done; that the mere wish, desire, or insisting, on the part of the husband, that his wife should sign the act, must be taken to be a sufficient coercion by the husband, within the meaning of Article 1844 of the Code, to invalidate the wife's contract."

We have been referred to no authority which exempts the contracts of a married woman from the application of Art. 1845 of the Code.  The case of *The Gas Light Company* v. *Paulding*, 12 Rob. 378, relied upon by the counsel of appellee, does not touch the point here at issue.  The charge was, in our opinion, erroneous.

It is, therefore, adjudged and decreed, that the judgment of the District Court in these consolidated cases, upon the several verdicts of the jury, be reversed; and that the said cases, consolidated, be remanded to the court below for a new trial; and that the appellee, *Catherine Hays*, pay costs of these appeals.